# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-836 PA (DTBx) | Date | June 10, 2011 |
|---|---|---|---|

| Title | Deutsche Bank National Trust Co. v. Oscar Parra, et al. |
|---|---|

Present: The Honorable     PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None        None

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Oscar Parra and Juan Parra ("Defendants") on May 27, 2011. Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed its Complaint in Riverside County Superior Court asserting a single cause of action for unlawful detainer. Defendants, who are appearing pro se, seem to assert that this Court has subject matter jurisdiction on the basis of diversity jurisdiction and federal question jurisdiction.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

This is the second time that Defendants have filed a Notice of Removal for the same Complaint. Defendants' first Notice of Removal was filed on March 11, 2011, and was assigned case number ED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-836 PA (DTBx) | Date | June 10, 2011 |
|---|---|---|---|

| Title | Deutsche Bank National Trust Co. v. Oscar Parra, et al. |
|---|---|

CV 11-430 PA (DTBx). The Court remanded that case sua sponte on March 22, 2011 because neither the Complaint nor the Notice of Removal provided adequate support for Defendants' contentions regarding the existence of either diversity or federal question jurisdiction. On May 27, 2011, Defendants filed the current Notice of Removal in an apparent attempt to cure the defects in the first Notice of Removal. In particular, Defendants seem to assert counterclaims against Plaintiff for violation of the Federal Debt Collection Practices Act, Due Process, and the Real Estate Settlement Procedures Act.

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second removal. The current Notice of Removal merely contains additional, conclusory allegations that diversity jurisdiction exists over this action. However, as explained in the Court's previous order remanding this action, the amount in controversy for an unlawful detainer action is not determined by the value of the subject real property. Rather, it is determined by the amount of damages sought in the Complaint. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $30 per day from January 31, 2011 until it obtains a judgment. As such, Defendants have failed to show that this action meets the minimum jurisdictional requirement.

Further, Defendants' assertions that they "allege violations of [the] California Penal Code, FDCPA and RESPA . . . Due process of law . . . [and] Breach of Contract" do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. There is no federal question jurisdiction simply because there is a federal defense to a claim. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Similarly, a federal counterclaim, whether actual or anticipated, does not form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009); see also Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) ("Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question."). Here, the Complaint contains a single cause of action for unlawful detainer. No federal

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-836 PA (DTBx) | Date | June 10, 2011 |
|---|---|---|---|

| Title | Deutsche Bank National Trust Co. v. Oscar Parra, et al. |
|---|---|

claim is alleged.  Thus, insofar as Defendants assert that federal question jurisdiction exists based on their anticipated counterclaims, this argument fails.

      For the foregoing reasons, Defendants have failed to meet their burden of showing that either federal question or diversity jurisdiction exists over this action.  Defendants have impermissibly attempted to remove this action twice on the same grounds.  Such successive removals are improper and unjustified.  Defendants are hereby warned that any further attempts to remove this case on improper grounds may subject them to the imposition of sanctions.

      The Court remands this action to  Riverside County Superior Court, Case No. MVC1100748.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.